UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| **United States of America,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Civil No. 11-58-SM |
| ) | |
| **Land and Buildings Located at 14 Bernaby Lane, Kingston, New Hampshire, with all Appurtenances and Improvements Thereon, Owned by David Dearborn; et al,** ) ) ) ) | |
| ) | |
| **Defendants *in rem*.** ) | |
| _____ ) | |

**SECOND AMENDED FINAL ORDER OF FORFEITURE OF 50 PERCENT
OF THE NET PROCEEDS FROM THE SALE OF DEFENDANT
IN REM (1) LAND AND BUILDINGS LOCATED AT 14 BERNABY
LANE, KINGSTON, NH, OWNED BY DAVID DEARBORN**

1. This action *in rem* was brought on February 11, 2011, and amended on March 22, 2011.

2. A legal notice of this action *in rem* was posted on an official government internet site (www.forfeiture.gov) for at least 30 consecutive days, beginning on March 18, 2011. Claims were due no later than May 17, 2011.

3. The United States served a copy of the Amended Verified Complaint, Notice of Complaint, Writ of Entry, Amended Summons and Warrant of Arrest in Rem, Lis Pendens, and ECF Notice were served on the only known potential claimant, David Dearborn, who filed a timely claim.

4. The United States and claimant David Dearborn have filed a stipulated Settlement agreement which provides, among other things, for the sale of the defendant *in rem*

(1)  Land and Buildings Located at 14 Bernaby Lane, Kingston, New Hampshire, with all Appurtenances and Improvements Thereon, Owned by David Dearborn.  In furtherance of the sale, Mr. Dearborn, or his legally authorized representative, agrees to execute promptly any documents which may be required to complete the sale of the property.  The United States Marshals Service (USMS) will maintain control of the property and will promptly market and sell the property using any commercially reasonable method, without limitation.  The USMS and its contractors may enter and maintain the property as necessary.  The USMS may, in its sole discretion, reject any offer to purchase the defendant property where it determines that the offer is being made by, or on behalf of, a person involved in the criminal activity alleged as the basis for forfeiture.

     5.     The parties agree to forfeiture of fifty percent of the net sale proceeds, as reflected on the HUD-1 Settlement Statement, from defendant *in rem* (1), and return of the other fifty percent of the proceeds to David Dearborn, in care of his attorney, David Horan, Esq.  Mortgage holder J.P. Morgan Chase Bank will be paid from the proceeds of the sale, after payment of outstanding taxes and other liens of record, if any, the following:  (a) all unpaid principal due to J.P. Morgan Chase Bank, N.A. in the amount of $91,537.47; (c) all unpaid interest at the base contractual rate (not the default rate) under the above mortgage instrument assessed at $13.59 per diem until the date of payment; and any other contractual payments, such as attorney's fees, due under the terms of the loan.

     IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

     A.     Mr. Dearborn, or his legally authorized representative, will execute promptly any documents which may be required to complete the sale of the property.  The United States Marshals Service (USMS) will maintain control of the property, and will promptly market and

sell the property using any commercially reasonable method, without limitation.  The USMS and its contractors may enter and maintain the property as necessary.  The USMS may, in its sole discretion, reject any offer to purchase the defendant property where it determines that the offer is being made by, or on behalf of, a person involved in the criminal activity alleged as the basis for forfeiture.

     B.     That all right, title and interest to the fifty percent of the net proceeds from the sale of defendant *in rem* (1) is hereby condemned, forfeited and vested in the United States of America pursuant to 21 U.S.C. § 881(a)(7), free from the claims of any other party.

     C.     That mortgage holder J.P. Morgan Chase Bank will be paid from the proceeds of the sale, after payment of outstanding taxes and other liens of record, if any, the following:  (a) all unpaid principal due to J.P. Morgan Chase Bank, N.A. in the amount of $91,537.47; (c) all unpaid interest at the base contractual rate (not the default rate) under the above mortgage instrument assessed at $13.59 per diem until the date of payment; and any other contractual payments, such as attorney's fees, due under the terms of the loan.

     D.     That the remaining 50 percent from the net sale proceeds, as reflected in the HUD-1 Settlement Statement,  shall be returned to David Dearborn, in care of his attorney, David Horan, Esq.

     E.     That the forfeited funds shall be disposed of by the United States Marshals Service (USMS) in accordance with the applicable law and regulations.  These funds shall be deposited into the Department of Justice Asset Forfeiture Fund in accordance with Title 28, United States Code, Section 524(c) and Title 21, United States Code, Section 881(e), after the deduction of any other case expenses due to the USMS or its contractors.

The Clerk is hereby directed to send 2 certified copies of this Order to the United States Marshals Service, and a copy to the United States Attorney's Office, Attention: Assistant U.S. Attorney Robert J. Rabuck.

Dated: October 24, 2013

_____
UNITED STATES DISTRICT JUDGE

4